In Re Deborah A.
HITCHINGS, Appellant

UNITED STATES of America,
Plaintiff–Appellee,

v.

ALLEGHENY PEPSI–COLA BOTTLING
COMPANY; James J. Harford;
Morton Lapides, Defendants.

No. 88–5814.

United States Court of Appeals,
Fourth Circuit.

Submitted May 4, 1988.

Decided May 4, 1988.

Hunter W. Sims, Jr., Stephen E. Noona,
Norfolk, Va., for appellant.

David J. Jordan, Terrence F. McDonald,
D. Bruce Pearson, Karen E. Sampson,
Dept. of Justice, Washington, D.C., for
plaintiff-appellee.

Before RUSSELL, WIDENER and
CHAPMAN, Circuit Judges.

PER CURIAM:

Deborah Hitchings testified before a
grand jury investigating the soft drink in-
dustry in the Eastern District of Virginia,
as a result of which the criminal defend-
ants in this case were indicted for price
fixing under the Sherman Act. Miss Hitch-
ings was an employee of Mid–Atlantic of
which defendant Harford is the former
president. She testified before the grand
jury with use-immunity granted to her un-
der 18 U.S.C. §§ 6002, *et seq.*

Upon the trial of the criminal case she
was called as a witness by the government
which declined to offer her immunity and
she refused to testify claiming her Fifth
Amendment privilege against self-incrimi-
nation. Among the innocuous questions
asked her was this one:

Q. And did you testify truthfully before
the grand jury?

A. Absolutely.

The government did not press the matter
any further. Neither did it offer her grand
jury testimony into evidence upon a claim
that she was not available.

After the government rested its case,
Miss Hitchings was called as a defendants'
witness whereupon she refused to testify
claiming a Fifth Amendment privilege
against self-incrimination.

Upon this refusal the district court held
that the witness was available. It rea-
soned that when she answered that she had
testified truthfully before the grand jury
that she by that answer waived her Fifth
Amendment privilege. Upon Miss Hitch-
ings' further declining to testify the district
court found her guilty of contempt and
committed her to jail. She was released
from jail and placed on bail pursuant to an

order of a Judge of this court and the appeal in the case was expedited.

■ We now decide that the district court erred in its holding that Miss Hitchings had waived her Fifth Amendment privilege by her answer that she had testified truthfully before the grand jury.

■ There is no doubt that, absent a waiver, Miss Hitchings did not lose her Fifth Amendment privilege by testifying before the grand jury with use-immunity. *Pillsbury Co. v. Conboy*, 459 U.S. 248, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983), so holds on facts which are indistinguishable from those present here.

That being so the only question is whether she had waived her right to claim the privilege by the answer we have mentioned above that she had testified truthfully before the grand jury. We think that she had not. In *United States v. James*, 609 F.2d 36 (2d Cir.1979), a witness had testified much more extensively than had Miss Hitchings on her voir dire in this case. That witness answered in some detail with respect to his background, into the background of the charges which were the subject of the inquiry, admitting that he had given statements to the FBI and to a North Carolina grand jury with respect to the case. But he refused to answer questions involving the contents of his statements to the FBI and whether he had signed a waiver of rights before talking to the FBI. The district court sustained the witness' claim of Fifth Amendment privilege against self-incrimination, which was affirmed on appeal. It stated the rule that where incriminating facts have been voluntarily revealed, the privilege cannot be invoked to avoid disclosure of the details, citing *Rogers v. United States*, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344 (1951), but the court went on that its examination of the witness' testimony showed that he had not disclosed a statement that might be characterized as incriminating, therefore, he had not waived his privilege. We have followed the rule of *James* in *United States v. MacCloskey*, 682 F.2d 468 (4th Cir.1982) in note 18 on p. 478 of that opinion. The cases on this subject all seem to depend on the statement in *McCarthy v. Arndstein*, 262 U.S. 355, 43 S.Ct. 562, 67 L.Ed. 1023 (1923), where the Court said "... where the previous disclosure by an ordinary witness is not an admission of guilt or incriminating facts, he is not deprived of the privilege of stopping short in his testimony wherever it may tend to incriminate him." 262 U.S. at 359, 43 S.Ct. at 563.

Applying the rule of *McCarthy* and *James* to our case, we have examined the testimony of Miss Hitchings and find nothing to indicate in "the previous disclosure ... an actual admission of guilt or incriminating facts." *McCarthy* at p. 359, 43 S.Ct. at p. 563. Neither do we find that "incriminating facts have been voluntarily revealed." *James* at p. 45. The mere fact that Miss Hitchings has most recently testified that she previously testified truthfully to the grand jury is not an incriminating fact voluntarily revealed or an admission of guilt. It is, therefore, our opinion that she has not waived the right to assert her Fifth Amendment privilege against self-incrimination. It follows that the conviction of contempt, be there one or more, must be vacated and that Miss Hitchings must be discharged.

The order of the district court appealed from is

REVERSED.[1]

___

1. Our mandate will issue forthwith.